

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00249-CR

DERECK WAYNE FULLER, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 32531CR

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

A Hunt County jury convicted Derek Wayne Fuller, Jr., of sexual assault of a child and assessed a sentence of twenty years' imprisonment. In a consolidated trial, the jury also convicted Fuller of another count of sexual assault of a child in companion case 06-19-00247-CR and continuous trafficking of persons in companion case 06-19-00248-CR. The trial court ran Fuller's sentence in companion case 06-19-00247-CR consecutively to the sentence in 06-19-00248-CR and ran the sentence in this case consecutively to the sentence in 06-19-00247-CR. Fuller appeals from all his convictions.

Fuller has filed a single brief raising issues common to all his appeals. On appeal, Fuller argues (1) that the trial court erred in stacking his sentence in 06-19-00247-CR with the sentence for continuous trafficking of persons in companion case 06-19-00248-CR and (2) that his attorney rendered ineffective assistance by failing to object to those stacked sentences. We addressed these issues in detail in our opinion of this date on Fuller's appeal in cause number 06-19-00247-CR. For the reasons stated therein, we conclude that the trial court was not authorized to stack Fuller's sentence in 06-19-00247-CR with his sentence for continuous trafficking of persons in 06-19-00248-CR. As a result, we sustained Fuller's first point of error, which was dispositive.

While modification was required in the judgment for 06-19-00247-CR to remove the cumulation order, Fuller's sentence in this case does not reference the improper cumulation order. Instead, it only contains an order, which Fuller concedes is proper, that cumulates this

2

sentence with the sentence for sexual assault of a child in 06-19-00247-CR.[1]  As a result, there is nothing in this judgment that must be changed.

We affirm the trial court's judgment.


Ralph K. Burgess
Justice

Date Submitted:       August 18, 2020
Date Decided:         November 4, 2020

Do Not Publish

---

[1]*See* Act of May 17, 2013, 83d Leg., R.S., ch. 228, § 1, 2013 Tex. Gen. Laws 967, 967, eff. Sept. 1, 2013, *amended by* Act of May 26, 2019, 86th Leg., R.S., ch. 413, § 1.01, 2019 Tex. Gen. Laws 3, 3 (eff. Sept. 1, 2019) (current version at TEX. PENAL CODE § 3.03(b)(2)) (authorizing cumulations for sentences for sexual assault of a child).